UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stephen S. Edwards,

                Plaintiff,

v.

Best Buy Corporate Office,
Best Buy, Inc., and Lance Klein,

                Defendants.

Case No. 17-cv-4016 (WMW/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the January 30, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel. (Dkt. 23.) Defendants Best Buy Corporate Office, Best Buy, Inc., and Lance Klein move to dismiss Plaintiff Stephen S. Edwards's complaint for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim. The R&R recommends granting the motion to dismiss for lack of subject-matter jurisdiction because complete diversity of citizenship does not exist. Edwards timely objected to the R&R, and Defendants responded.[1]

Edwards filed his complaint in the District of Minnesota, invoking diversity jurisdiction while alleging that both he and Klein are citizens of the State of Arizona. The R&R concludes that the Court lacks subject-matter jurisdiction because diversity of citizenship does not exist between Edwards and each defendant. Edwards objects to the

---

[1] Edwards filed a reply to Defendants' response to Edwards's objection to the R&R. (Dkt. 26.) Because the local rules do not permit such a filing, the Court does not consider Edwards's reply. *See* LR 72.2(b) (providing only for written objections to an R&R, and a response, prior to a district judge's review of the R&R).

R&R, arguing that Klein "is not part of this complaint." The Court reviews de novo the portion of the R&R to which Edwards objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Federal courts have original jurisdiction of all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop.*, 546 U.S. at 89. The party invoking federal jurisdiction bears the burden of establishing the existence of complete diversity. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Edwards alleges in his complaint that he is a "resident of the City of Phoenix, State of Arizona." And paragraph four of Edwards's complaint names "Lance Klein, a resident of Maricopa County, Arizona" as a defendant to this action. Because Edwards alleges that both he and Klein are residents of Arizona, Edwards's complaint fails to allege the existence of diversity jurisdiction. For this reason, Edwards's objection to the R&R is overruled, and this matter is dismissed for lack of subject-matter jurisdiction.

### ORDER

Based on the foregoing analysis, the Report and Recommendation, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objection to the Report and Recommendation, (Dkt. 24), is **OVERRULED**;

2. The January 30, 2018 Report and Recommendation, (Dkt. 23), is **ADOPTED**;

3. Defendants' motion to dismiss, (Dkt. 3), is **GRANTED** because the Court lacks subject-matter jurisdiction; and

4. Plaintiff's complaint, (Dkt. 1), is **DISMISSED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 21, 2018                                                  s/Wilhelmina M. Wright
                                                                       Wilhelmina M. Wright
                                                                       United States District Judge